Per Curiam.

Petitioner’s primary contention is that the trial court erred Avhen it sentenced him to the Ohio State Reformatory instead of the Ohio Penitentiary. He bases his contention on the wording of Section 12441, General Code, which, prior to October 1,1953, provided for imprisonment in the penitentiary for the offense defined in such section. Although Section 2907.14, Revised Code, under Avhich petitioner was convicted, did not specify the place of imprisonment, we will treat such section under the rules for interpreting the Revised Code as *454 though such word were contained therein. Section 1.24, Revised Code.
It should be noted at the outset that irregularities in a sentence are not subject to review in a habeas corpus proceeding. Birns v. Sweeney, Sheriff, 154 Ohio St., 137; Ex Parte Van Hagan, 25 Ohio St., 426.
However, petitioner contends the' trial court lost its jurisdiction when it imposed an erroneous sentence. In this he is in error. The imposition of an erroneous sentence does not deprive the trial court of jurisdiction. Kiser v. Mayo, 138 Fla., 775; Jordan v. Swope, Supt., 36 N. M., 84.
The error we have in the present instance does not affect the validity of the judgment of conviction but merely the place of sentence thereunder.
The General Assembly, anticipating that such error might occur in sentencing, enacted Section 2965.32, Revised Code, which reads as follows:
“If a prisoner is sentenced to the penitentiary or the reformatory who is not legally eligible for admission thereto, the warden or superintendent of said institution shall receive said prisoner and shall forthwith recommend to the Department of Mental Hygiene and Correction, the transfer of said prisoner to the proper institution. Prisoners so transferred are entitled to the same legal rights and privileges as to the term of sentence, diminution of sentence, and parole, as if originally sentenced and committed to the institution to which they have been transferred.”
Pursuant to such section, the superintendent, as soon as he discovered petitioner’s ineligibility for incarceration in the reformatory, notified the proper authorities and in less than three months petitioner was transferred to the Ohio Penitentiary.
The petitioner urges further that his indictment was invalid. He bases this contention on the fact that his indictment failed to contain the emphasized part of Section 2907.14, Revised Code, which reads and is emphasized as follows:
“No person shall, by day or night, maliciously enter a bank or other financial institution which receives upon deposit or otherwise for safeheeping the moneys or public funds of individuals or corporations, and attempt to commit or commit a felony with firearms or other deadly weapons.”
*455 Petitioner’s indictment read as follows:
“That Argil Dell Osborne and James Wesley Johnson late of said county on or about the 2nd day of March in the year of our Lord one thousand nine hundred and fifty four, at the county of Stark, aforesaid, unlawfully and maliciously did enter the Uniontown Savings & Loan Association, a financial institution, and with firearms did commit a felony, to wit: Larceny of seventeen hundred and sixty nine dollars ($1,769) in United States currency. ’ ’
An examination of the indictment clearly shows that all the essential elements of the crime were set forth. There was a complete compliance with the terms of Section 2941.05, Revised Code, which read as follows:
“In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged. ’ ’
No showing has been made by the petitioner that he was deprived of any constitutional rights, or that there was any lack of jurisdiction in the court either over his person or over the subject matter of the crime.

Petitioner remanded■ to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.